[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11212
Non-Argument Calendar

_____

D. C. Docket No. 08-20424-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 4, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Alberto Hernandez pled guilty to all six counts of an indictment: Count 1,

conspiracy to commit health care fraud, in violation of 18 U.S.C. §1349; Count 2

through 6, health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and the

district court sentenced him to concurrent prison terms of 60 months. He now

appeals his sentences.

I.

First, Hernandez argues that the district court should not have enhanced his

offense level by two levels pursuant to U.S.S.G. § 2B1.1(b)(9)(C) for use of

"sophisticated means." Specifically, he claims that his actions were not

complicated at all, but rather simple, thereby making application of the two-level

enhancement inappropriate.

We review a district court's finding that a defendant utilized sophisticated

means for clear error. See United States v. Robertson, 493 F.3d 1322, 1329-30

(11th Cir. 2007) (applying a sophisticated-means enhancement under U.S.S.G.

§ 2F1.1(b)(5)(C) (1998)). A finding is clearly erroneous "when although there is

evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." Id. at 1330

(quotation omitted).

The Sentencing Guidelines provides for an enhancement of two levels if the

offense in question "involved sophisticated means." § 2B1.1(b)(9)(C). Application

note 8(B) to that Guideline states:

> . . . "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, comment. (n.8(B)). In interpreting a prior version of § 2B1.1(b)(9)(C) in Robertson, we upheld a sophisticated means enhancement for a defendant who utilized fictitious names and addresses to insulate himself from detection. 493 F.3d at 1332. In addition, the defendant created fictitious entities that were switched every 30 days to take advantage of the victim company's policies. Consequently, relying on these facts and a prior, but nearly identical version of § 2B1.1 application note 8(B), we explicitly rejected the defendant's argument that his scheme was "simple." Id.

Here, the district court did not commit clear error in applying the two-level sophisticated means enhancement to Hernandez's Guidelines calculation. The court correctly noted that Hernandez's conduct fell squarely within the plain language of § 2B1.1 application note 8(B). Moreover, the court's application of § 2B1.1(b)(9)(C) is in accord with our holding in Robertson. Consequently, we affirm the district court's imposition of a two-level sophisticated means

3

enhancement.

II.

Second, Hernandez argues that his sentence was both procedurally and substantively unreasonable. In sum, he claims that the district court improperly relied on one of the 18 U.S.C. § 3553(a) sentencing factors, the protection of the public, and consequently failed to consider other § 3553(a) factors.

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), we established a two-part process for district courts to use in calculating sentences. United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007). First, the district court must consult and correctly calculate the sentence range prescribed by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in § 3553(a). Id.

We review the reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S.Ct. 586, 594 (2007). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Overall, the analysis is a two-step process. United Stats v, Pugh, 515 F.3d 1179, 1190 (2008). First, we examine whether the district court committed any significant procedural error. Second, after it has been determined that a sentence is

4

procedurally sound, we review the substantive reasonableness of a sentence. Id.

When reviewing for procedural unreasonableness, we should ensure that the district court: (1) properly calculated the Guidelines sentence range; (2) treated the Guidelines as advisory; (3) considered the § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence. Gall, 552 U.S. at __, 128 S.Ct. at 597. When the district court considers the § 3553(a) factors, the court need not discuss each factor. Talley, 431 F.3d at 786. All that is required is that the court acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." Pugh, 515 F.3d at 1191 (quotation omitted). The analysis includes "examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). The factors in § 3553(a) that the court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to

5

protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

The weight the district court accords to "any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted).  In terms of the sentence range, we have held that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.  Also, where the sentence imposed is only a fraction of the statutory maximum, this supports a finding of reasonableness. See Gonzalez, 550 F.3d at 1324 (noting the importance of the defendant's 50-month sentence being "well below the maximum ten-year sentence available . . . .").

The district court did not abuse its discretion in imposing concurrent prison sentences of 60 months each.  Procedurally, the district court properly considered the § 3553(a) factors, the parties' arguments, and the record.  Furthermore, the sentence imposed was within the Guidelines sentence range and well below the statutory maximum, creating strong support for a finding of reasonableness.

AFFIRMED.